IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BONNIE SMITH SWEARINGEN, a disabled person, by and through her guardian BERNIE SMITH,**

   **Plaintiff,**

vs.

**ROBERT LENARD, JR., DONNA K. LENARD, DENNA DAVIS, CURTIS MARTIN, and PEOPLES NATIONAL BANK,**

   **Defendants.**

Case No. 3:17-CV-00635-NJR-DGW

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

Pending before the Court is a Motion to Dismiss for Lack of Jurisdiction filed by Defendant Curtis Martin (Doc. 48) and a Motion to Amend or Correct First Amended Complaint filed by Plaintiff Bonnie Smith Swearingen (Doc. 52). The Court notes that although Swearingen titles the document "Corrections to First Amended Complaint and Supplement," the allegations are almost identical to the first amended complaint filed less than two months ago. Because the Court does not believe Swearingen is actually attempting to amend the complaint, so much as respond to the motion to dismiss, the Court construes the document as a response to Defendant's motion.[1]

---

[1] Swearingen also requests this Court "remove" attorney James Van Winkle from the case, claiming there is a conflict of interest. (Doc. 52, p. 24). The allegations raised by Swearingen appear to be that attorney Van Winkle represents both Defendant Davis and the Guardianship and Trust. Whether that in fact creates a conflict of interest in this case is unclear to the Court. Thus, the Court declines to address this issue.

## Factual Background

This litigation is brought by Bernie Smith on behalf of his mother, Bonnie Smith Swearingen, concerning property alleged to have been wrongfully taken from Swearingen by Robert Lenard, Jr., Donna Kay Lenard, Deena Davis, Curtis Martin, and Peoples National Bank. (Doc. 38, pp. 1-12). Specifically, Smith alleges the Lenards, in their role as Powers of Attorney for Swearingen's late husband, stole property out of Swearingen's house and fraudulently withdrew money from her bank account. (Doc. 38, pp. 3-5). Smith further alleges Peoples National Bank participated with the Lenards in a conspiracy to steal from Swearingen by hiding money from both Smith and the Court. (Doc. 38, p. 11). Finally, Smith alleges Defendant Deena Davis acted fraudulently and in conspiracy with Defendant Curtis Martin to become the sole trustee of Swearingen's Estate, and in violation of her fiduciary duty, took money from the trust for her personal benefit and to the financial benefit of Martin. (Doc. 38, pp. 6-7, 8-10). Smith requests the Court order Defendants to pay restitution to Swearingen's trust for the alleged illegally removed funds. (Doc. 38, pp. 12-18).

## Analysis

The Complaint alleges diversity of citizenship under 28 U.S.C. § 1332 as the basis for this Court's subject matter jurisdiction. (Doc. 1, p. 3). To satisfy diversity jurisdiction, a plaintiff must allege: (1) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (2) the controversy is between citizens of different states. 28 U.S.C. § 1332. Here, Smith alleges damages in the amount of $700,000, far in excess of the required $75,000, thus the first requirement is met.

For diversity jurisdiction purposes, an individual is considered to be the citizen of

the state in which she is domiciled, *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 n. 4 (7th Cir. 1994), which means the state where the person is physically present with an intent to remain indefinitely, *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993). Here, Bernie Smith brings claims in his representative capacity as a co-guardian of the estate of his mother, Bonnie Smith Swearingen.[2] A guardian who brings suit in that capacity has the citizenship of his ward. 28 U.S.C. § 1332(c)(2); *Gustafson v. Zumbrunnen*, 546 F.3d 398, 400 (7th Cir. 2008). The parties apparently agree that Bonnie Smith Swearingen is a citizen of Indiana, where she lives in a skilled nursing facility. (Doc. 18, p. 2, n. 1). Defendants are all citizens of Illinois. (Doc. 41, p. 8). As such, complete diversity exists.

Martin claims that Smith also has filed claims in his individual capacity, and thus his citizenship (Illinois) defeats diversity. (Doc. 48, pp. 1-2). The basis of this claim appears to be a few sentences in the nineteen page document. Specifically, Martin points to language in the Amended Complaint where Smith states Defendant Martin "Bernie Smith and Bonnie Smith Swearingen who are both Mr. Martin's clients," and claims that Martin "breeched his contract with Bonnie Smith Swearingen and Bernie Smith." (Doc. 48, p. 5)(Citing Doc. 38, pp. 8-9, 16-17). Presumably, Martin wants the Court to read these statements as evidence that Smith is raising an individual claim for malpractice against him. The Court is not convinced, however, that this is Smith's intent. Unlike Martin, who is both an attorney and represented by an attorney, Smith is

---

[2] Originally, Tara Smith was also listed as a plaintiff in this case. Because she is a citizen of the state of Illinois, and all of the defendants are citizens of Illinois, her presence as a plaintiff would defeat diversity. As the Indiana Court recognized, however, Tara Smith did not have any individual claims and had only joined as a plaintiff to support her husband. (Doc. 18, p. 2, n. 1 ). This Court therefore granted Tara Smith's request to be removed as a plaintiff after transfer of the case. (Doc. 29). Thus, the only plaintiff remaining is Bonnie Smith Swearingen, by her co-guardian Bernie Smith.

proceeding *pro se* and does not appear to be a sophisticated litigant. Smith has been clear that his intent is to represent his mother's interests. Smith states he hired Martin to "go after William C. Swearingen, Robert and Donna Lenard, and Peoples National Bank to recover what rightfully belonged to *Bonnie Smith Swearingen's Estate*." (Doc. 38, p. 17) (emphasis added). Further, Smith requests that all restitution be paid into Swearingen's trust, not to himself. (Doc. 38, pp. 12-13). Thus, Smith's goal appears to be to obtain restitution to the estate of his mother, for whom he is a plenary guardian, not to obtain any individual relief. Thus, the Court finds Smith is proceeding solely in his representative capacity and is not raising any independent claims for relief.

## Conclusion

Because Smith is proceeding solely in his representative as a co-guardian of his mother's estate, his citizenship is the same as hers—Indiana. And because all of the Defendants are citizens of the State of Illinois, complete diversity jurisdiction exists between the parties. Defendant Martin's Motion to Dismiss (Doc. 48) is therefore **DENIED**. The Motion to Amend or Correct First Amended Complaint filed by Plaintiff Bonnie Smith Swearingen (Doc. 52), construed as a response to Defendant's motion, is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:  November 21, 2017

*Nancy J. Rosenstengel*

**NANCY J. ROSENSTENGEL**
**United States District Judge**